Herbert N. SAMPLE, Individually and on Behalf of All Persons Similarly Situated and Ronald G. Rivera, Plaintiffs–Appellees,

v.

Robert G. BORG and James Roland, Defendants–Appellants.

No. 88–1564.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 1989.

Decided April 4, 1989.

Cathy A. Neff, Supervising Deputy Atty. Gen., State of Cal., Sacramento, Cal., for defendants-appellants.

Jay B. Petersen, California Indian Legal Services, Oakland, Cal., for plaintiffs-appellees.

Before HUG, HALL and O'SCANNLAIN, Circuit Judges.

ORDER

Appellee Ronald G. Rivera filed this action to challenge the constitutionality of certain regulations promulgated by the California State Prison at Sacramento ("Prison"). Rivera claimed that the regulations unreasonably interfered with inmates' ability to practice their Native American religion while incarcerated in the Prison's Security Housing Unit ("SHU") and therefore violated the first amendment. After a five-day bench trial, the district court entered a permanent injunction requiring the Prison to change its policy. *See Sample v. Borg*, 675 F.Supp. 574 (E.D.Cal.1987). This appeal followed. However, before oral argument was heard in the case, the Prison deactivated its SHU facility and transferred all unit prisoners, including Rivera, to other SHUs within the California system. Thus, none of the relief sought by Rivera in his original complaint is now available,

and as both parties concede, the case is therefore moot. *See IBTCWHA, Local Union No. 2702 v. Western Air Lines, Inc.,* 854 F.2d 1178 (9th Cir.1988). We express no opinion regarding the viability of any further actions that may be brought by Rivera to contest his new conditions of confinement.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the matter as moot. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).