56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John Stanley STEFFEN, Plaintiff-Appellant,
v.
B.J. BUNNNELL, Superintendent, Defendant-Appellee.
 No. 94-15226.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1995.
Decided May 23, 1995.
 
 Before: CHOY, POOLE, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Stanley Steffen, a California state prisoner, appeals the district court's judgment, following a bench trial before a magistrate judge, dismissing Steffen from a 42 U.S.C. Sec. 1983 action brought by himself and two other prisoners challenging the conditions of their confinement at the California Correction Institute (CCI) in Tehachapi. Steffen contends the district court erred by: (1) concluding that his request for injunctive relief was moot because he had been transferred from CCI to another facility; and (2) failing to consider his request for an award of costs. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Facts
 
 
 4
 On December 28, 1988, Steffen and two other state prisoners filed their amended section 1983 complaint against various CCI officials alleging that the conditions of their confinement violated the Eighth and Fourteenth Amendments. The prisoners alleged inadequate medical and dental treatment, inadequate food preparation and storage, lack of heating and air conditioning, lack of hot water and laundry service, visitation problems, and retaliation by prison officials. The complaint included requests for money damages, injunctive relief, and a jury trial. On November 15, 1991, the parties entered a stipulation to proceed to trial before a magistrate judge. Additionally, the plaintiffs agreed to waive their request for money damages and proceed to trial only on the issue of injunctive relief.
 
 
 5
 Following a five-day trial, the magistrate judge issued a report and recommendation on September 8, 1992, and a supplemental report on November 18, 1992. On June 28, 1993, Steffen requested a voluntary transfer from CCI to California State Prison (CSP) in Lancaster. Prison officials granted Steffen's request and transferred him from CCI to CSP on July 5, 1993. The Defendants then filed a motion to dismiss Steffen from the pending action based upon his voluntary transfer to CSP. On January 26, 1994, the district court granted the dismissal motion, finding Steffen's claims for injunctive relief were moot.
 
 II
 Mootness
 
 6
 We review de novo the district court's decision to dismiss a plaintiff from an action for mootness. Aiona v. Judiciary of Hawaii, 17 F.3d 1244, 1246 (9th Cir. 1994).
 
 
 7
 Generally, a prisoner's transfer from one institution to another institution moots any individual claims for injunctive relief against the former institution. See Sample v. Borg, 870 F.2d 563, 563 (9th Cir. 1989) (order); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). Under the capable-of-repetition doctrine, however, we may review a claim if: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam); accord Sample v. Johnson, 771 F.2d 1335, 1339 & n.4 (9th Cir. 1985), cert. denied, 475 U.S. 1019 (1986). Speculative fear that an alleged wrong may reoccur does not provide a basis for invoking the exception to the mootness doctrine. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975).
 
 
 8
 Steffen contends that the district court erred by concluding that his request for injunctive relief was moot because: (1) repeated instances of retaliation by CCI officials forced him to request a transfer to CSP; (2) he may have future contact with CCI officers through either their transfer to CCP or his transfer back to CCI; and (3) he now is confined by the respondents' successors-in-interest under Fed. R. Civ. P. 25(d)(1).[1] We reject his contention on all grounds.
 
 
 9
 Steffen voluntarily requested in writing that he be transferred from CCI to CCP. The record discloses no evidence that CCI officials undertook efforts forcing Steffen to request a transfer in order to moot his request for injunctive relief. The record also indicates that Steffen asked for a transfer to CCP at Lancaster, California because he wanted to be closer to his wife and children who live in Rosamond, California. Further, Steffen's subjective fear regarding possible future contact with CCI officials is too remote and speculative to constitute a reasonable expectation that the alleged wrongs to which he complains will reoccur. See Preiser, 422 U.S. at 402-03; Darring, 783 F.2d at 876. Finally, we conclude that Steffen's reliance on Rule 25(d)(1) is unavailing. The named Defendants have not been succeeded by others: Steffen simply transferred to a new prison run by different officials. Rule 25(d)(1) has no applicability here. Moreover, Steffen failed to produce any evidence that the alleged problems at CCI were capable of recurrence at CCP.
 
 III
 Costs
 
 10
 We review for abuse of discretion the district court's decision regarding a party's request for an award of costs. Association of Flight Attendants v. Horizon Air Indus., 976 F.2d 541, 551 (9th Cir. 1992). "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...." Fed. R. Civ. P. 54(d)(1) (emphasis added).
 
 
 11
 Steffen contends the district court erred by failing to consider his request for an award of costs because he prevailed on two issues: inadequate dental care and retaliation. We reject this contention as frivolous. Despite findings by the magistrate judge that Steffen's dental care may have been constitutionally inadequate, the district court declined to address the issue because Steffen had been dismissed from the action. The court further declined to adopt any findings by the magistrate judge regarding retaliation by prison officials against Steffen.[2]
 
 
 12
 Therefore, because Steffen was not a prevailing party, the court did not abuse its discretion by failing to consider his request for costs. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 As support for his first ground, Steffen relies on McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984) (concluding that prisoner's claim for injunctive relief from conditions at county jail despite his transfer to a different prison facility might withstand a challenge for mootness if he could show that jail officials had engaged in subterfuge to evade the district court's jurisdiction)
 Rule 25(d)(1) provides in relevant part: "[w]hen a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."
 
 
 [2]
 To the extent Steffen contends that the district court was required to accept the proposed findings and recommendations of the magistrate judge, we reject the contention. See 28 U.S.C. Sec. 636 (b)(1)(C) (district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge ... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate")