**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tommy MARTIN, Jr., Defendant–
Appellant.**

No. 99–55478.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2000

Filed Sept. 22, 2000

Kenneth P. White and Miriam A. Krinsky, Assistant United States Attorneys, Los Angeles, California, for the plaintiff-appellee.

Michael Tanaka, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Before: REINHARDT and BERZON, Circuit Judges, and BREYER, District Judge [1]

BERZON, Circuit Judge:

The pivotal question in this case is whether there is any time limit within which a party to a 28 U.S.C. § 2255 proceeding may file a motion to reconsider a district court's order resolving the merits of a § 2255 petition when that order contemplates resentencing, but the resentencing has not yet occurred. One might assume that this technical question of § 2255 procedure would have come up before and could be determined under settled law. Surprisingly, though, as far as we can determine the precise issue has never been addressed either by this court or by any other federal appellate court.

## I

This appeal was brought by Tommy Martin, Jr. from the district court's denial of his motion under § 2255 to vacate his conviction and sentence for carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court initially granted Martin's petition and scheduled resentencing, but reversed itself when the Government moved for reconsideration on the basis of an intervening change in the law. The Government's motion was filed more than ten days after the district court's order granting Martin's petition, but before the scheduled resentencing. Martin's contention on appeal is that the district court lacked jurisdiction to consider the Government's motion to reconsider because, Martin asserts, the motion was untimely filed.

The background of Martin's § 2255 proceedings is as follows: Martin was convicted in federal court in 1991 on three counts: the § 924(c) firearm offense; conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 846. The district court sentenced him to imprisonment for 235 months.

Martin filed this § 2255 motion on March 26, 1996, arguing that the § 924(c) conviction was invalid in light of the Supreme Court's then-recent decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and its progeny. Martin argued that the Government had not proved he had "used" the firearm within the meaning of § 924(c) as construed in *Bailey*. The district court agreed with this contention and therefore, on April 7, 1998, granted Martin's motion, vacated his § 924(c) conviction, and scheduled a resentencing hearing for July.

On June 29, 1998–eighty–three days after the district court's order-the Government filed a motion to reconsider the or-

---

**1.** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

der, contending that the district court's § 2255 ruling could not be squared with *Muscarello v. United States,* 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998), decided after the district court issued its order. In *Muscarello,* the Supreme Court revisited § 924(c) and held that a conviction can be sustained on the "carry" prong of § 924(c) if the defendant knowingly possessed and conveyed the firearm in a vehicle, as Martin had done. *See id.* at 126–27, 118 S.Ct. 1911.

After receiving the Government's motion for reconsideration, the district court issued an order continuing the resentencing hearing pending the resolution of the motion. Although Martin filed an opposition to the Government's motion, contending that it was untimely filed, the district court granted the Government's reconsideration motion and reversed its decision on Martin's § 2255 motion. The district court concluded that the Government's motion was timely because it was filed prior to the resentencing and that its initial order was inconsistent with *Muscarello.*

■ Martin now appeals, contesting only the district court's jurisdiction over the motion to reconsider.[2] Reviewing *de novo* this jurisdictional question, *see, e.g., United States v. Morales–Alejo,* 193 F.3d 1102, 1104 (9th Cir.1999), we conclude that the Government's motion was indeed timely, and that the district court therefore had jurisdiction to decide it.

## II

Before we turn to the issue of the district court's jurisdiction, we first consider, *sua sponte,* our own jurisdiction over this appeal. *See Hajek v. Burlington Northern R.R. Co.,* 186 F.3d 1105, 1107 (9th Cir.1999).

■ Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1217, "an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255" unless a certificate of appealability ("COA"), based on "a substantial showing of the denial of a constitutional right," is first issued. 28 U.S.C. § 2253(c)(1)(B). Although Martin filed his petition with the district court before the effective date of AEDPA (April 24, 1996), he brought this appeal after that date. At the time of Martin's appeal, under this court's precedents a petitioner did not need to have a certificate of appealability if the petition was filed before the effective date of AEDPA. *See Fuller v. Roe,* 182 F.3d 699, 702 (9th Cir.1999). So, not surprisingly, Martin did not apply for, and no court ever issued, a COA.

After the appeal in this case was docketed and the briefs were filed, the Supreme Court handed down *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), making clear that no matter when the petition was first filed, an appeal brought after AEDPA's effective date requires a COA. *See id.* at 1603. Under *Slack,* then, a COA must issue before this case can proceed in this Court.

As noted, section 2253(c) further provides that a COA may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The issue Martin raises on appeal—the timeliness of a motion to reconsider an order granting a § 2255 motion filed prior to resentencing—does not concern the denial of a constitutional right; the appeal is limited to a discrete question of district court procedure and jurisdiction. Furthermore, because of the unusual circumstances of this case, Martin's underlying petition, if considered as of the present time rather than as of the time he filed it, no longer raises a substantial constitutional question. The district court jurisdictional question raised in this appeal arose precisely because the Supreme Court decided the constitutional question against Martin between the time the district court first granted his petition and the resentencing. The question, then, is whether a COA is still available in view of these two circumstances.

---

2. There is no challenge to the district court's

decision on the merits of the § 924(c) issue.

*Slack* speaks to both aspects of our COA problem (although the precise circumstances in *Slack* were somewhat different).[3] In its discussion of appellate jurisdiction over procedural questions arising from the district court's treatment of *habeas* petitions, the Court observed that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the *petition* states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack,* 120 S.Ct. at 1604 (emphasis added).

*Slack,* then, adopted a two-part test concerning appellate jurisdiction over trial court procedural errors in *habeas*[4] cases: First, the court must decide whether the *petition* raises a debatable constitutional question. *See Slack,* 120 S.Ct. at 1604; *Lambright v. Stewart,* 220 F.3d 1022, 1026 (9th Cir.2000). Certainly, Martin's underlying petition did so. *See Hohn v. United States,* 524 U.S. 236, 250, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998); *United States v. Addonizio,* 442 U.S. 178, 186, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Although the

constitutional issue Martin raised in his petition was ultimately resolved by the Supreme Court against his position, the question in this appeal is precisely whether, for procedural reasons, the law as it stood when the petition was filed should govern. It would prejudge the answer to this question to deny appealability on the basis of the current state of constitutional law. Under these circumstances, the focus should remain, as in *Slack,* on whether the *petition* raised a substantial constitutional issue.

Second, under *Slack* we must decide whether the procedural issue is debatable. *See Slack,* 120 S.Ct. at 1604; *Lambright,* 220 F.3d at 1026. As our discussion of the merits of Martin's appeal will make plain, although we ultimately decide against Martin's position, the procedural issue he raises is highly debatable.

In light of *Slack,* Martin was eligible for a COA.

Martin, however, did not apply for a COA, and no COA has in fact issued. *Slack,* however, addressed this problem as well. Noting that Rule 22(b) of the Federal Rules of Appellate Procedure provides that the court of appeals may treat an appellant's notice of appeal as an application for a COA, *Slack* directed that "the Court of Appeals should ... treat[ ] the notice of appeal as an application for a COA," 120 S.Ct. at 1603 (citing Fed. R.App. P. 22(b); Fed.R.Civ.P. 8(f)) ("All pleadings shall be so construed as to do substantial justice."). This court has followed the procedure suggested in *Slack.* *See Schell v. Witek,* 218 F.3d 1017, 1021 n. 4 (9th Cir.2000) (en banc).[5]

There is one final wrinkle to the COA issue in this case: The procedure commanded by the Supreme Court for cases

**3.** In *Slack,* the petitioner had filed a § 2254 *habeas* petition attacking a state conviction, and the underlying constitutional question was unresolved prior to the Court's *Slack* decision.

**4.** While *Slack* involved a § 2254, rather than a § 2255 petition, § 2253(c)(2), the provision defining the circumstances in which a COA is

available, applies to both kinds of proceedings. There is, consequently, for present purposes no relevant difference between § 2254 and § 2255 proceedings.

**5.** Rule 22(b) provides in relevant part:
> A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes. If no ex-

covered by *Slack* could be said to conflict with the Ninth Circuit Rule providing that the district court must consider whether to issue a COA in the first instance. *See* Ninth Cir. R. 22–1(a). But again, *Slack*, as previously interpreted and applied by this court, determines our course. *Slack* arose from an appeal in this court, so Ninth Circuit Rule 22–1(a) was applicable in *Slack* as well. *Slack*'s instruction that courts of appeals are to construe a notice of appeal as an application for a COA so as to do substantial justice, then, necessarily overrode the application of Rule 22–1 in the situation presented by *Slack* and by this appeal. *Schell v. Witek* followed *Slack*'s directive to issue a COA in the first instance under circumstances parallel to those in *Slack* and in this case, and it is the law of the circuit as to the proper approach to COA issuance under such circumstances. *See* 218 F.3d at 1017 n. 4. We therefore follow that approach here, our circuit rule designed for other circumstances notwithstanding.

Accordingly, because Martin made the requisite "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), with respect to his conviction under § 924(c) as of the time he filed his petition, we grant his constructive request for a COA and exercise jurisdiction over the issue of the district court's authority to decide the Government's motion for reconsideration.

> press request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the · court of appeals.
> Fed. R.App. P. 22(b)(2).

**6.** In addition to Rule 59(e), Fed.R.Civ.P. 52(b) is also a possible source of authority for a motion to amend a judgment in a nonjury case such as a § 2255 proceeding. We refer to Rule 59(e) in the text only because that provision seems most directly applicable to the present circumstances.

**7.** As the Second Circuit noted in *United States v. Clark*, post-judgment motions for reconsideration may be filed in criminal cases. *See id.* at 33 (citing *United States v. Healy*, 376 U.S. · 75, 77–80, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964) and *United States v. Dieter*, 429 U.S. 6,

## III

Whether the district court had jurisdiction to consider the Government's motion for reconsideration depends upon whether that motion was filed in a timely manner. Martin claims that it was not. In Martin's view, the only mechanisms for reconsidering an order granting a § 2255 motion are motions to amend the judgment or for new trial under Rules 52(b) and 59 of the Federal Rules of Civil Procedure. Since each of those Rules requires that the motion be filed within ten days of entry of judgment, Martin argues, the motion for reconsideration the Government filed in this case was untimely.

Had the circumstances in this case been such that the granting of the § 2255 motion terminated the litigation in the district court—as would presumably have been the case, for example, had Martin been convicted originally only on the one firearms count—Martin would be correct. In that circumstance, it would appear that any motion for reconsideration would properly be governed by Rule 59(e),[6] and would therefore be untimely if filed more than ten days after the order granting (or denying) a § 2255 motion. *See United States v. Clark*, 984 F.2d 31 (2d Cir.1993).[7]

But Martin's · argument assumes, incorrectly, that the district court's order

8 n. 3, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976)). And it is now clear that "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action." Rules Governing Section 2255 Proceedings [individual Rules hereinafter dubbed "Section 2255 R.–"], Pub.L. 94–426, § 1, 90 Stat. 1334, R. 1 adv. cmte. notes; *see also* Section 2255 R. 3, 11, 12 adv. cmte. notes; *Grady v. United States*, 929 F.2d 468, 470 (9th Cir.1991); *Williams v. United States*, 984 F.2d 28, 30 (2d Cir.1993). Motions for reconsideration after a final order are therefore available in § 2255 cases. *See Clark*, 984 F.2d at 34.

As to the timing of any such motion, the Section 2255 Rules are best read, through their cross-references to the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure, *see* Section 2255 Rules 11 and 12, as indicating "that ... a motion [to

granting Martin's petition without resentencing him is the kind of order to which Rule 59(e), including its ten-day limit, applies. We conclude, to the contrary, that until the scheduled resentencing occurs in a § 2255 proceeding, the ten-day limitation of Rule 59(e) does not apply.

Rule 59(e) applies only to motions to alter or amend "a judgment". A "judgment" is defined by Rule 54 of the Federal Rules of Civil Procedure as "any order from which an appeal lies," Fed.R.Civ.P. 54, in other words, a *final* order. *See, e.g., Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384 n. 2, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) ("A 'judgment' for purposes of the Federal Rules of Civil Procedure would appear to be equivalent to a 'final decision' as that term is used in 28 U.S.C. § 1291."); *Balla v. Idaho State Bd. of Corrections,* 869 F.2d 461, 466–67 (9th Cir.1989) (holding that "judgment ... encompasses final judgments and appealable interlocutory orders" for purposes of motions for reconsideration).

 The text of § 2255 provides flexibility in the remedies a district court may afford, enabling the court to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. While § 2255 can be invoked to bring about the unconditional release of a prisoner, it is also available for more modest relief such as what Martin sought in his petition: vacation of his conviction on the § 924(c) count, and resentencing on the remaining counts. *See Andrews v.*

*United States,* 373 U.S. 334, 339, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). The Supreme Court's decision in *Andrews* makes plain that the district court's order on a § 2255 petition is not final until the court resentences the petitioner. *See id.* ("Where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners, it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioners were resentenced.").

The fact that a § 2255 order contemplating resentencing is deemed to be non-final is grounded in the well-entrenched policy concern with avoiding piecemeal appeals. It is entirely possible that a § 2255 petitioner whose petition is granted by the district court would claim error in the resulting resentencing. If we were to consider the original order granting him relief final, we might be confronted at different times with two separate appeals arising from the same petition: the Government's and the petitioner's. *See id.* at 340, 83 S.Ct. 1236.

 The rule developed in *Andrews* avoids that inefficient state of affairs, and we apply it here. The district court's initial decision granting Martin's § 2255 petition was a non-final, interlocutory order at the time the Government filed its motion for reconsideration. Accordingly, we hold that Rule 59(e) was not an appropriate procedural vehicle for the Government's motion, and that the Rule's ten-day limit therefore did not preclude, or for that matter even apply, to the motion.[8]

---

reconsider the denial of a § 2255 petition] should be subject to the same time limitations as reconsideration motions in civil cases." *Clark,* 984 F.2d at 34. Accordingly, even though Rule 59(e) refers to a motion to alter a "judgment", it makes sense to conclude that a motion for reconsideration of an order finally resolving a § 2255 petition must meet the time limits set in Rule 59(e). *See id.* at 34 & n. 1; *United States v. Gargano,* 826 F.2d 610, 611 (7th Cir.1987), *superseded on other grounds by* amended Fed. R.App. P. 4(b); *Word v. United States,* 620 F.Supp. 43, 45 (S.D.N.Y.1985), *aff'd mem.,* 795 F.2d 1006 (2d Cir.1986).

8. The Second Circuit indicated in *Clark* that motions for reconsideration filed outside the ten-day period prescribed by Rule 59 can perhaps be treated as Rule 60(b) motions, which must meet Rule 60(b)'s standards and time limits. *See* 984 F.2d at 34. Whether this is so or not we need not determine, because Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders, and thus was not applicable to the Government's motion. *See, e.g., United States v. Baus,* 834 F.2d 1114, 1118 (1st Cir.1987); *McMillan v. MBank Fort Worth, N.A.,* 4 F.3d 362, 366 (5th Cir.1993); *Chrysler Credit Corp. v. Macino,* 710 F.2d 363, 366 (7th Cir.1983);

Rather, because the district court's order granting Martin's § 2255 motion was not final, the district court had inherent jurisdiction to modify, alter, or revoke it. *See United States v. Villapudua–Perada,* 896 F.2d 1154, 1156 (9th Cir. 1990). The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal. *See U.S. v. Dieter,* 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976) ("[P]lenary consideration of an issue by an appellate court ordinarily requires more time than is required for disposition by a trial court of a petition for rehearing."); *Jones,* 608 F.2d at 390 n. 2 ("Allowing the district court to reconsider its suppression order furthers the policy favoring judicial economy.").

Moreover, far from cabining the district court's inherent authority to modify its own rulings before it issues any appealable order, the Local Rules of the Central District of California provide an explicit textual source of authority for the Government's motion for reconsideration. Local Rule 7.16 provides in relevant part that "[a] motion for reconsideration of the decision on any motion may be made ... on the grounds of ... *a change of law occurring after the time of such decision.* ..." C.D. Cal. Local R. 7.16(b) (emphasis added). We see no reason that this local rule, which imposes no time limits on motions made under its auspices, could not have permitted the district court to decide the Government's motion, which was indisput-

ably based on an intervening change in the law.[9]

## CONCLUSION

Because the district court's initial order was not final, the Government's motion to reconsider was properly and timely asserted. The district court consequently had jurisdiction to decide it. Accordingly, the judgment is AFFIRMED.

*St. Mary's Health Center v. Bowen,* 821 F.2d 493, 498 (8th Cir.1987); 12 Joseph T. McLaughlin *et al., Moore's Federal Practice* § 60.23, at 60–75 & n. 2 (3d ed. 1997) ("The standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently 'final' to be appealed.").

9. Permitting the Government's motion under either the doctrine of inherent jurisdiction or the Central District's local rule is consistent with Section 2255 Rule 12, which, as stated, provides that "if no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute...."