UNITED STATES of America,
Plaintiff–Appellee,

v.

Marshall E. MIKELS, Defendant–
Appellant.

No. 98–16479.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2000[1]

Filed Jan. 5, 2001

Hugo Torbet, San Francisco, California, for the defendant-appellant.

George S. Cardona, Assistant U.S. Attorney, San Francisco, California, for the plaintiff-appellee.

Before: KLEINFELD, TASHIMA, and BERZON, Circuit Judges.

KLEINFELD, Circuit Judge:

The issue in this case is one of habeas corpus procedure, where no certificate of appealability has been issued.

1. The panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Facts.

Mikels was convicted of bank fraud. His sentence included an order that he make restitution to the bank. He appealed other aspects of the case, but not the restitution order. His appeal was dismissed as moot. Subsequently, Mikels moved to vacate, correct or set aside his sentence under 18 U.S.C. § 2255 on two grounds. Mikels argued that the restitution order was mistaken and that the supervised release term was too long. The probation officer had written a particularly careful presentence report pursuant to which the judge sentenced Mikels to repay the bank, and to serve a long term of supervised release so that he could be kept under supervision for long enough to repay the bank. Mikels argued that a civil settlement he had made with the bank, which did not speak expressly to the criminal case, had the effect of settling the restitution claim.

Oddly, the government failed to respond to the section 2255 motion, even after the judge twice ordered the government to show cause why the motion should not be granted. The district court shortened the term of supervised release, but kept the restitution order in place. Mikels appeals the denial of his motion insofar as the restitution requirement was kept in place. Mikels has long since been released from custody. His sentencing issue relates only to whether the bank relinquished its right to restitution in their settlement.

Analysis.

The government argues that we lack jurisdiction over Mikels' appeal, because no certificate of appealability has been issued. The government is correct.

■ Mikels' motion in district court was an attack on his sentence pursuant to 28 U.S.C. § 2255. Congress has provided that an appeal cannot be taken from a final order in a section 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability."[2] No such certificate has been issued. Though Mikels' attack on the restitution requirement in his sentence is not frivolous, it is based only on application of the statutes, guidelines, and interpretive case law governing restitution, not the Constitution. The statute governing certificates of appealability for section 2255 orders says that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[3] Mikels has not claimed or shown a denial of a constitutional right.

■ Because no certificate of appealability has been or could properly be issued, we lack jurisdiction over Mikels' appeal. We have held that we may issue a certificate of appealability without remanding to the district court where the appeal was filed before *Slack v. McDaniel*,[4] and the petition was filed before the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[5] We do not reach the question of whether we could in other circumstances as well issue a certificate of appealability, were it merited,

**2.** 28 U.S.C. § 2253(c)(1). Consistent with Federal Rule of Appellate Procedure 22(b)(1), we have construed the word "judge" in § 2253(c)(1)'s phrase "circuit justice or judge" to include a district judge. *See United States v. Asrar*, 108 F.3d 217, 218 (9th Cir. 1997).

**3.** 28 U.S.C. § 2253(c)(2); *see United States v. Martin*, 226 F.3d 1042, 1047 (9th Cir.2000) (allowing certificate of appealability to issue

only after finding substantial showing of denial of a constitutional right.)

**4.** 529 U.S. 473, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000).

**5.** *United States v. Martin*, 226 F.3d 1042, 1046–47 (9th Cir.2000). *See also Slack v. McDaniel*, 529 U.S. 473, 482–484, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); *Schell v. Witek*, 218 F.3d 1017, 1021 n. 4 (9th Cir.2000) (en banc).

where the district court has not acted.[6] Nor do we reach the issue of whether we would have to remand such a case to the district court so that it could act first on the certificate of appealability.[7] Rather, we conclude that the court of appeals at least has jurisdiction to dismiss an appeal where no certificate of appealability has been issued, and none could be, even though the district court neither granted nor denied a certificate.

■ The statute speaks in jurisdictional terms, but the rules giving the district court the obligation to act first do not. The Federal Rules of Appellate Procedure entitle an applicant to ask the circuit court to issue the certificate only if the district court has denied it. Our local rule says that we "will not act" on a request if the district court has not ruled first. Neither of these rules purports to deny the circuit court jurisdiction to dismiss an appeal where no certificate has been issued or could be issued. In such circumstances, it would be a waste of time to remand the case so that the district court could deny a certificate, and then have the case bounce back to the appeals court so that we could deny it.

In sum, we have no jurisdiction and could not get it. Mikels' chance to attack the restitution order was on direct appeal.

DISMISSED.

---

**6.** Fed. R.App. P. 22(b)(1), (b)(2).

**7.** Circuit Rule 22–1(a).