UNITED STATES of America,
Plaintiff–Appellee,

v.

Albert Augusto RIASCOS,
Defendant–Appellant.

No. 99–35488, 99–35489.
D.C. Nos. CV–95–05688–JET,
CR–85–00014–JET.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1].

Decided Feb. 21, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Albert Augusto Riascos appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion following our remand for an evidentiary hearing. *See United States v. Riascos,* No. 96–35298, 1998 WL 700338 (9th Cir. Sept. 22, 1998).

■ Before addressing the merits, we sua sponte consider our jurisdiction over this appeal. Under the Antiterrorism and Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1217, an appeal may not be taken by a court of appeals unless a certificate of appealability ("COA") is first issued. *See* 28 U.S.C. § 2253(c)(1)(B). Although Riascos filed his original § 2255 prior to the effective date of the AEDPA, a COA must issue before this appeal can proceed. *See United-ed States v. Martin,* 226 F.3d 1042, 1045 (9th Cir.2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542, (2000)). We therefore construe Riascos' Notice of Appeal as a request for a COA and conclude that he has made the requisite "substantial showing of the denial of a constitutional right" with respect to his claim that his trial counsel rendered ineffective assistance. *See* 28 U.S.C. § 2253(c)(2); *Martin,* 226 F.3d at 1045–46.[3]

■ Riascos contends that the district court erroneously found that he failed to show by a preponderance of the evidence that his trial counsel rendered ineffective assistance by failing to communicate a plea offer to him. We review both the district court's findings of fact and credibility determinations for clear error. *See United States v. Matta–Ballesteros,* 71 F.3d 754, 766 (9th Cir.1995). We cannot say on the record before us, that the district court's credibility determinations and factual findings that counsel communicated the offer to Riascos, were clearly erroneous. *See id.*

AFFIRMED.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** We conclude that Riascos has not made the requisite substantial showing of the denial of a constitutional right with respect to his claim that his appellate counsel rendered ineffective assistance, and deny the request for a certificate of appealability as to this claim. *See* 28 U.S.C. § 2253(c)(2).