Marvin A. STOTTS, Petitioner–
Appellant,

v.

Frank LUNA, Warden, Respondent–
Appellee.

No. 01–16761.

D.C. No. CV–01–01040–MHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 18, 2002.

Before HUG, O'SCANNLAIN, and
TASHIMA, Circuit Judges.

MEMORANDUM **

Marvin A. Stotts, a Hawaii state prisoner, filed a 28 U.S.C. § 2241 habeas corpus petition, contending that his confinement is unconstitutional because the State of Hawaii has contracted with a private corporation to house Petitioner for some portion of his sentence. The district court dismissed with prejudice, and we conclude the district court properly dismissed Petitioner's claim on the grounds that he failed to raise a constitutional claim. *See Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) (holding that prisoner has no constitutional right to be housed in a particular prison or state); *see also Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (concluding a pris-

oner has no liberty interest in which prison he is housed).

Although Petitioner styles his petition as one under section 2241, he is, as a state prisoner, limited by the restrictions of 28 U.S.C. § 2254. *See Felker v. Terpin,* 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). We note that the district court didn't rule on a certificate of appealability. However, we need not remand here, given Stotts raises no cognizable habeas issues. *See United States v. Mikels,* 236 F.3d 550, 551–52 (9th Cir.2001) (concluding remanding for COA would be futile where defendant has not shown a denial of a constitutional right).

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.