**Joe CASARES, Plaintiff—Appellant,**

v.

**Michael D. ANTONOVICH; et al.,**
**Defendants—Appellees.**

**No. 03–55232.**
**D.C. No. CV–99–07817–TJH.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2004.*

Decided June 16, 2004.

Stephen Yagman, Yagman & Yagman & Reichmann & Bloomfield, Venice, CA, for Plaintiff–Appellant.

David D. Lawrence, Cindy S. Lee, Franscell, Strickland, Roberts & Lawrence, Orange, CA, Michael D. Allen, Franscell, Strickland, Roberts, & Lawrence, Glendale, CA, for Defendants–Appellees.

Before D.W. NELSON, GIBSON,** and GRABER, Circuit Judges.

MEMORANDUM***

Joe Casares appeals the district court's order, entered on January 24, 2000, which dismissed the complaint against Los Angeles County and Sheriff LeRoy Baca for unlawful over-detention of Casares in the Los Angeles County jail. We dismiss the appeal for lack of jurisdiction, because Casares failed to appeal within thirty days after the entry of judgment.

Rule 4 of the Federal Rules of Appellate Procedure requires that an appeal must be filed thirty days after the entry of judgment. Fed. R.App. P. 4(a)(1)(A). Entry of judgment occurred in this case on July 2, 2002, when the district court entered an order amending its February 27, 2002, summary judgment order. By this amendment, all the defendants in the com-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plaint were dismissed. Because the amended judgment revised legal rights and obligations, the time to file an appeal began to run from the day the amended judgment was entered. *See United States v. Antonie,* 953 F.2d 496, 497 n. 1 (9th Cir.1991) (quoting *FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 212, 73 S.Ct. 245, 97 L.Ed. 245 (1952)).

Casares's notice of appeal on January 23, 2003, came nowhere near the thirty-day filing deadline. His argument that the entry of final judgment occurred on January 23 is belied by his own actions: he could file a motion to reconsider pursuant to Rule 59(e) only upon entry of final judgment, and he expressed his intent to do so after the July 2 order. *See, e.g., United States v. Martin,* 226 F.3d 1042, 1048 (9th Cir.2000) ("Rule 59(e) applies only to motions to alter or amend 'a judgment.' A 'judgment' is defined by Rule 54 of the Federal Rules of Civil Procedure as 'any order from which an appeal lies,' in other words, a *final* order.") (internal citation omitted). Thus, by informing the court of his intention to file a motion to reconsider immediately after the July 2 order, Casares demonstrated that, at the time, even he recognized it was the entry of final judgment.

Nor is there merit to Casares's argument that the summary judgment order was not final "because the district court specifically left open for a motion for reconsideration" its July 2 order. Whether the district court wanted to allow for a motion to reconsider or not, it lacked jurisdiction to do so after 10 days had passed and no motion was filed. *See Harman v. Harper,* 7 F.3d 1455, 1458 (9th Cir.1993) ("The district court ... had no power to extend the time for filing a Rule 59(e)

motion."); *see also Hertz Corp. v. Alamo Rent–A–Car, Inc.,* 16 F.3d 1126, 1129 (11th Cir.1994).

Accordingly, we lack jurisdiction over this appeal because it was not filed within thirty days after entry of judgment.

DISMISSED.