**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Victor SANCHEZ–GARCIA, Defendant–Appellant.**

**Nos. 03–35809, 03–35810.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

In these consolidated cases, Victor Sanchez–Garcia appeals *pro se* the district court's partial denial of his 28 U.S.C. § 2255 motion to vacate his concurrent sentences of 360 months for conspiracy to export a controlled substance, in violation of 21 U.S.C. §§ 963, 953, and 18 U.S.C. § 2, and 120 months for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pursuant to 28 U.S.C. § 2253, and we affirm.

We deem Sanchez–Garcia's appeal timely. *See United States v. Martin,* 226 F.3d 1042, 1048 (9th Cir.2000); Fed. R.App. P. 4(c).

We conclude, however, that the district court did not err in finding that Sanchez–Garcia failed to establish that ineffective assistance of counsel excused procedural default of his speedy trial, pre-indictment delay, and prosecutorial misconduct claims. *See United States v. Skurdal,* 341 F.3d 921, 925 (9th Cir.2003) (noting that a procedurally defaulted claim may be collaterally reviewed if the defendant demonstrates cause for the default and actual prejudice from the claim of error).

Sanchez–Garcia's remaining ineffective-assistance claims pertaining to his original sentencing and first direct appeal are now moot, because, as he has been re-sentenced and is now pursuing a new direct appeal of the re-sentencing, there is no further relief we could grant. *See, e.g., Sample v. Borg,* 870 F.2d 563, 563 (9th Cir.1989) (concluding that case is moot when relief is no longer available).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.