FILED

JAN 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN NAVA, | No. 08-16201 |
| Petitioner - Appellant, | D.C. No. 3:06-CV-00392-MJJ |
| v. | |
| BRIAN HAWS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued and Submitted August 30, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Ruben Nava appeals the district court's denial of his petition for writ of

habeas corpus sought on due process and Eighth Amendment grounds. We have

jurisdiction under 28 U.S.C. §§ 1291, 2253(a). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Nava argues that the California Court of Appeal unreasonably concluded that the term "location" in the California sex offender registration statute at the time of his conviction was not unconstitutionally vague as applied to him and that the trial court's failure to define "location" for the jury did not deprive him of due process and a fair trial.

The California Court of Appeal has held that the term "location," as used in certain provisions in Cal. Penal Code § 290 in reference to a transient offender, is unconstitutionally vague. *People v. North*, 112 Cal. App. 4th 621, 633 (2003). Those provisions, however, are inapplicable to Nava, who was alleged to have a residence. Although the term "location" was included in the jury instruction spelling out the elements of the crime, it was done to explain the meaning of the term "residence" in the context of Nava's spending at least some of his time living on a tent site rather than in a more traditional structure. There is nothing to suggest that the jury applied the jury instructions in a constitutionally suspect manner, i.e., that the jurors believed that they could convict Nava even if he did not have a residence. *See Middleton v. McNeil*, 541 U.S. 433, 437 (2004) ("[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation.") . Furthermore, it is uncontested that Nava resided in San Mateo County during the relevant time period, and that he failed to register with

2

any of the authorities while within that jurisdiction as he was required to do under section 290.

Whether a term in a jury instruction requires definition depends on whether the term expresses a concept within a juror's ordinary experience. *United States v. Tirouda*, 394 F.3d 683, 689 (9th Cir. 2005). Here, the term "location" was not a separate element of the section 290(a)(1)(A) charge against Nava and it was consistently used throughout the trial as synonymous with "residence." An instruction defining "location" was not necessary for the jury to understand the elements of the charged offense. *See Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000); *United States v. Gaudin*, 515 U.S. 506, 511 (1995).

Nava also argues that the California Court of Appeal unreasonably concluded that his sentence of 26 years to life under California's Three Strike Law does not violate the Eighth Amendment. He argues that his failure to register is a nonviolent and regulatory crime and that the gravity of the offense is far outweighed by the harshness of the penalty. Nava relies on *Gonzalez v. Duncan*, 551 F.3d 875 (9th Cir. 2008), and *People v. Carmony*, 127 Cal. App. 4th 1066 (2005), where sentences of 25 years to life for failure to update annually one's registration under Cal. Penal Code § 290(a)(1)(D) were declared cruel and unusual punishment in light of the regulatory nature of the offense and the fact that the

3

offense does not in itself pose any danger to society.  *Gonzalez*, 551 F.3d at 885,

887; *Carmony*, 127 Cal. App. 4th at 1072–73.  These cases are inapposite.  Nava

was convicted of the more serious offense of failure to register as required by

section 290(a)(1)(A).  *See*, *e.g.*, *Gonzalez*, 551 F.3d at 884; *People v. Cluff*, 87 Cal.

App. 4th 991, 994, 1004 (2001).  Also, Nava has a long and consistent record of

criminal activity.  The California Court of Appeal reasonably concluded that his

sentence is not so disproportionate to the gravity of the offense that the punishment

is cruel and unusual.  *See Ewing v. California*, 538 U.S. 11, 20 (2003); *Solem v.*

*Helm*, 463 U.S. 277, 292 (1983).

Nava also raises several uncertified issues in his opening brief.  *See* 9th Cir.

R. 22-1(e).  We decline to expand the certificate of appealability to include these

issues.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *United States v. Martin*,

226 F.3d 1042, 1046 (9th Cir. 2000).

AFFIRMED.