**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIP LEO SANDS, | No. 11-18026 |
| Petitioner - Appellant, | D.C. No. 4:10-cv-05315-CW |
| v. | |
| GREG LEWIS, Warden, Acting Warden; ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted February 14, 2013
San Francisco, California

Before: SCHROEDER, NOONAN, and MURGUIA, Circuit Judges.

A California jury convicted Philip Leo Sands of stabbing Robin Clarke and,

two years later, murdering Robert Ramirez—a witness to the stabbing. Sands's

conviction was affirmed on direct appeal in the California state courts, and then in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

state post-conviction review. Pursuant to 28 U.S.C. § 2254, Sands petitioned the district court for a writ of habeas corpus. The district court denied Sands's petition; Sands appeals. We have jurisdiction, 28 U.S.C. § 2253(a), affirm the district court's judgment as to the two issues it certified for appeal, and decline to address a third, uncertified issue that Sands raises.

First, Sands contends that his entire trial was tainted by snide and disparaging remarks the prosecutor made about defense counsel during her rebuttal to the defense's closing. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (holding that a defendant may be denied due process if a prosecutor's remarks infect the trial with unfairness). While we disapprove of the prosecutor's conduct, we do not believe it imbued the entire trial with unfairness, and in any event, Sands's counsel failed to register a timely objection to the offensive remarks. Sands's claim of prosecutorial misconduct is therefore procedurally defaulted under California's contemporaneous objection rule. *Fairbank v. Ayres*, 650 F.3d 1243, 1256–57 (9th Cir. 2011).

Sands asks us to excuse the default, arguing that his counsel provided ineffective assistance by failing to object to the prosecutor's alleged misconduct contemporaneously. The bar for proving ineffective assistance of counsel is high, clearing it "is never an easy task," *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485

2

(2010), and Sands fails to do so here. To demonstrate that his counsel assisted him ineffectively by failing to object during the prosecution's rebuttal, Sands must overcome "a strong presumption that . . . the challenged action might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (internal quotation marks and citation omitted). We have observed previously, however, that "many trial lawyers refrain from objecting during closing argument to all but the most egregious misstatements by opposing counsel on the theory that the jury may construe their objections to be a sign of desperation or hyper-technicality." *United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir. 1991).

Sands offers his trial counsel's sworn declaration that the failure to object contemporaneously to the prosecutor's barbs was carelessness, not strategy. But we must evaluate counsel's performance objectively, *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011), and in conducting an *objective* inquiry, counsel's post-hoc declaration of his *subjective* intent is of little value. Moreover, even if we credit counsel's declaration and assume that he behaved deficiently by failing to register a timely objection, given the evidence against Sands—including wiretap evidence tending to inculpate him in Ramirez's murder—there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

3

Lastly, Sands asks us to consider the uncertified question whether the aforementioned wiretap evidence was obtained in violation of federal law. We do not have jurisdiction over this claim because Sands does not assert the violation of a constitutionally protected right; he asserts only that the wiretap evidence was obtained in violation of a federal statute. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see, e.g.*, *United States v. Mikels*, 236 F.3d 550, 551 (9th Cir. 2001) (finding a lack of jurisdiction over the appeal of a denial of relief under 28 U.S.C. § 2255 when the defendant raised statutory, but no constitutional, claims). Accordingly, we cannot, and do not, entertain Sands's uncertified question.

**AFFIRMED.**