NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS CREIGHTON SHRADER, | No. 17-16778 |
| Petitioner-Appellant, | D.C. No. 1:17-cv-00685-DAD |
| v. | |
| B. WATSON, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 22, 2018[**]

Before:  SILVERMAN, GRABER, and GOULD, Circuit Judges.

Federal prisoner Thomas Creighton Shrader appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas petition. We dismiss for lack of jurisdiction.

Shrader's section 2241 petition alleged that he is actually innocent of being

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

an armed career criminal under 18 U.S.C. § 924(e) because his prior state unlawful wounding conviction is unconstitutional and he is actually innocent of that conviction. He contends that, because Supreme Court precedent precludes him from collaterally attacking his prior state conviction, a 28 U.S.C. § 2255 motion is inadequate or ineffective and he therefore properly invoked section 2241 jurisdiction under section 2255(e)'s "escape hatch." The record shows, however, that Shrader was not denied an "unobstructed procedural shot" to test the legality of his detention. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (discussing considerations for determining whether a petitioner had an unobstructed procedural shot to pursue his claims); *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003) (procedural bars do not render section 2255's remedy inadequate or ineffective). Accordingly, the district court properly concluded that it lacked section 2241 jurisdiction over Shrader's petition. *See Harrison*, 519 F.3d at 961-62.

Because the district court properly construed Shrader's filing as a section 2255 motion, he was required to obtain a certificate of appealability ("COA") to proceed with this appeal. *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012). Shrader has not obtained a COA and we decline to grant one because he has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Muth*, 676 F.3d at 822-23. We, therefore, dismiss this appeal for lack

of jurisdiction.  *See United States v. Mikels*, 236 F.3d 550, 552 (9th Cir. 2001).

Appellee's request for judicial notice is granted.

**DISMISSED.**