**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-5155**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CECIL RAY, JR., a/k/a Esco,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:06-cr-00008-JPB-DJJ-1)

─────────────

Submitted: February 9, 2009      Decided: March 13, 2009

─────────────

Before TRAXLER, KING, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Matthew M. Robinson, Covington, Kentucky, for Appellant. Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil Ray, Jr., appeals his jury convictions for conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (2006), and distributing or aiding and abetting the distribution of approximately 1.95 grams of cocaine base within 1000 feet of school property, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860 (2006), and his resulting life sentence. He asserts prosecutorial misconduct and error in the denial of a motion to strike testimony, and challenges the sufficiency of the evidence and the reasonableness of his sentence. We affirm.

A claim of prosecutorial misconduct is reviewed "to determine whether the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks and citation omitted). To prevail under this standard, Ray must show that "the prosecutor's remarks or conduct were improper and . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. Id.

First, Ray contends that the Government engaged in misconduct when it inquired of its own witness, Leroy Newell, whether Ray's counsel had represented him in the past. Defense counsel had represented Newell twelve years previously. When

2

the issue was raised before trial, Ray's counsel assured the court he had no memory of the representation and no information that would be pertinent to cross examination. Upon consultation, Ray agreed to waive any possible conflict of interest.

As the district court noted, the Government's impeachment of its own witness was not inappropriate in this case where it was surprised by Newell's adverse testimony. See United States v. Baldivid, 465 F.2d 1277, 1279 (4th Cir. 1977). Furthermore, the inquiry into Newell's possible bias and his motivation for deviating from his expected testimony, including his prior relationship with counsel, would have been permissible were it not for the court's concern that the potential prejudice to Ray was not specifically foreseen and discussed prior to trial when Ray waived the possible conflict of interest.

Nevertheless, even if Ray could show impropriety, he cannot establish prejudice. The court sustained the objection to the question and there was no further inquiry. The court instructed the jury that it should not consider an answer to any question to which an objection was sustained. See United States v. Williams, 461 F.3d 441, 451 (4th Cir. 2006) (jury is presumed to follow the instructions provided them). We conclude the isolated inquiry by the Government did not prejudicially

affect Ray's substantial rights so as to deprive him of a fair trial.

Next, Ray claims the Government was allowed to present evidence, through its witness, David Taylor, that Ray was incarcerated. We conclude, however, that Taylor's testimony that he signed a statement at the jail in Ray's presence did not inform the jury that Ray was incarcerated.

Ray also alleges that the Government elicited testimony, without prior notification to the defense, about drug transactions outside of the conspiracy period. A prosecution witness, Stephanie Payton, stated before trial that she purchased drugs from Ray during the conspiracy period. At trial, however, she said she purchased drugs from Ray "[a] long while ago." After Payton agreed with defense counsel's suggestion on cross examination that the time-frame of her purchases was around 2002, before the conspiracy period began, Ray moved to strike the testimony. The district court denied the motion.

The record does not substantiate Ray's claim of misconduct. There is no evidence that the Government circumvented the notice requirements of Fed. R. Evid. 404(b) because the record does not indicate that the Government had reason to believe Payton would testify about acts prior to the conspiracy period.

4

Ray next contends the district court erred in denying his motion to strike Payton's testimony because admission of the testimony constructively amended the indictment, resulting in a fatal variance, and because the Government failed to provide advance notice of the testimony. A district court's evidentiary rulings are entitled to substantial deference and will only be reversed for abuse of discretion. United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008), cert. denied, ___ S. Ct. ___, 2009 WL 56535 (U.S. Jan. 12, 2009) (No. 08-7428).

As noted, the record does not support a claim that the Government failed to provide notice under Rule 404(b). We conclude his variance argument is likewise without merit. See United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (only when the evidence presented at trial changes the elements of the crime charged, such that the defendant is convicted of a crime other than that charged in the indictment, does a fatal variance occur).

Ray next challenges the sufficiency of the evidence supporting his conspiracy conviction and claims that the evidence, at most, established only that he sold drugs. "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008). This court reviews a sufficiency of the evidence challenge by determining

5

whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942).

In order to support his conviction for conspiracy to distribute and to possess with intent to distribute drugs, the Government had to prove:  "(1) that [Ray] entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. §[] 841(a)(1) . . . ; (2) that [he] had *knowledge* of that conspiracy; and (3) that [he] *knowingly and voluntarily* participated in the conspiracy." United States v. Mastrapa, 509 F.3d 652, 657 (4th Cir. 2007).

The Government presented evidence that Ray recruited, organized, and supplied drug dealers for Martinsburg, West Virginia, that Ray sold drugs personally and through surrogates, and that Ray enforced his leadership through threats, intimidation and violence.  As evidenced by the finding of guilt, the jury resolved any conflicts in testimony in favor of the Government, determined the Government's witnesses to be sufficiently credible to support the verdict of guilty, and

otherwise found sufficient circumstantial and direct evidence of guilt. We likewise conclude the evidence was sufficient.[1]

Ray also challenges the reasonableness of his life sentence. We review the district court's imposition of a sentence under an abuse of discretion standard and are charged with reviewing sentences for reasonableness. Gall v. United States, 128 S. Ct. 586, 594, 597 (2007).

In determining whether a sentence is procedurally reasonable, this court first assesses whether the district court properly calculated the defendant's advisory guidelines range. Id. at 596-97. We then must assess whether the district court failed to consider the 18 U.S.C. § 3553(a) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances.'" Id. at 473 (quoting Gall, 128 S. Ct. at 597). We afford sentences that fall within the properly calculated

---

[1] Ray contends that the cumulative effect of the errors he alleges deprived him of a fair trial. Because the district court did not err in denying Ray's motion to strike Payton's testimony or in denying his Fed. R. Crim. P. 29 motion, there is nothing to aggregate and the cumulative error doctrine does not apply.

guideline range a presumption of reasonableness.  See Pauley, 511 F.3d at 473; see also Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2459, 2462 (2007) (upholding appellate presumption).

Ray asserts that the district court erred in failing to consider the racially disproportionate impact of the statutory sentencing scheme for offenses involving crack cocaine.[2]  Ray points out that if his offense had involved fifty grams of cocaine powder, instead of cocaine base, the statutory maximum would have been twenty years instead of life.  See 18 U.S.C. § 841(b)(1)(A), (C).  However, this court has repeatedly ejected challenges to the constitutionality of the sentencing scheme under § 841.  See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); Burgos, 94 F.3d at 876-77; United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995).  Moreover, in Kimbrough v. United States, 128 S. Ct. 558 (2007), while the Supreme Court held that district courts are permitted to disagree with the policies underlying the Sentencing Guidelines, the Court neither found § 841's penalty provisions

_____

[2] Ray was sentenced after November 1, 2007, the effective date of Amendment 706, which lowered the base offense level for most offenses involving crack cocaine.  Ray's base offense level of thirty-six was calculated under the amended version of USSG § 2D1.1.

8

unconstitutional nor overruled our previous holdings rejecting constitutional challenges to the 100:1 ratio.

Ray also claims the district court failed to adequately consider his arguments in support of a lower sentence. The record demonstrates that Ray's sentence was not procedurally unreasonable. The district court properly calculated the advisory guideline range, and considered the parties' arguments and the § 3553(a) factors. The court simply did not agree that Ray's criminal history was relatively minor, noting that his prior record included crimes involving firearms and violence. The court found that a lesser sentence was not appropriate because of Ray's "lack of amenability to law and societal controls" and because the court considered him to be a "considerable threat to the community." At bottom, then, while the district court considered Ray's arguments, it acted well within its discretion in declining to be persuaded by them.

Because there was no procedural or substantive error and because the sentence is within the statutory maximum, it is not unreasonable. Accordingly, we affirm Ray's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

9