**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4338**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MATTHEW QUINN MASON, a/k/a Q,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:08-cr-00030-JPB-DJJ-2)

Submitted: March 24, 2010        Decided: April 16, 2010

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lary D. Garrett, GARRETT & GARRETT, Moorefield, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Erin K. Reisenweber, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Matthew Quinn Mason was convicted of conspiracy to retaliate against a witness, in violation of 18 U.S.C.A. § 1513(a)(1)(A), (f) (West 2000 & Supp. 2009); aiding and abetting in retaliating against a witness, in violation of 18 U.S.C. § 1513(a)(1)(A) (2006); and damage to the property of another in retaliation for testimony, in violation of 18 U.S.C.A. § 1513(b)(1) (West 2000 & Supp. 2009). The district court sentenced Mason to concurrent sentences of ninety-five months on each count.

Mason asserts two claims on appeal:[1] (1) the district court erred in denying his Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal, because the evidence was insufficient to support his convictions; and (2) the district court abused its discretion in admitting evidence of prior interactions between Mason and Darryl Clinkscale, the victim in this case. For the reasons that follow, we reject Mason's arguments and affirm.

---

[1] At the beginning of his brief, Mason indicates that he also appeals the jury instructions issued by the district court. However, he does not provide any argument pertaining to this issue in the body of his brief. See Fed. R. App. P. 28(a)(9)(A). Therefore, we find Mason has waived this issue on appeal. See Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009).

We review a district court's decision to deny a Rule 29 motion de novo. United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007). Where, as here, the motion is based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Kellam, 568 F.3d 125, 140 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Delfino, 510 F.3d 468, 471 (4th Cir. 2007) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)) (internal quotation marks omitted). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

To satisfy its burden of proof in this case, the Government had to prove that, in retaliation for Clinkscale's testimony against Cecil Ray, Jr.,[2] Mason: aided and abetted in

---

[2] Clinkscale testified at Ray's 2007 federal drug trafficking trial. Ray was convicted and received a life (Continued)

attempting to kill Clinkscale; conspired with at least one other person to attempt to kill Clinkscale; and damaged Clinkscale's property. See 18 U.S.C. § 1513(a)(1), (b)(1), (f). We have thoroughly reviewed the record and find the evidence supports Mason's convictions. Clinkscale testified that, prior to his involvement in Ray's trial, he did not know Mason. Clinkscale further testified to the three (and only three) interactions he had with Mason prior to the incident underlying this appeal. These exchanges, which occurred while both men were in custody immediately prior to Ray's trial, all centered around Clinkscale's testimony against Ray. Further, Mason's co-defendant testified that one of the men who shot at Clinkscale expressed anger at Clinkscale, because Clinkscale had "told on" Ray.

We agree with the district court's conclusion that "the most and perhaps the only[] reasonable inference to be drawn by the jury . . . is that Clinkscale was being pursued and shot at because he had testified against Cecil Ray." Viewed in the light most favorable to the Government, we find no clear failure in the Government's evidence that would support reversal. See Moye, 454 F.3d at 394 ("[W]here the evidence

---

sentence, which this court affirmed on appeal. See United States v. Ray, 317 F. App'x 346 (4th Cir. 2009) (No. 07-5155).

supports differing reasonable interpretations, the jury will decide which interpretation to accept.").

Mason next asserts that the district court abused its discretion in admitting Clinkscale's testimony pertaining to his three prior exchanges with Mason.[3] This court reviews a district court's evidentiary rulings for an abuse of discretion. United States v. Basham, 561 F.3d 302, 325 (4th Cir. 2009) (stating standard of review). An abuse of discretion occurs when "the district court judge acted arbitrarily or irrationally in admitting evidence." Id. at 326 (internal quotation marks omitted). Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of "other crimes, wrongs, or acts" solely to prove a defendant's bad character, but "[s]uch evidence . . . may 'be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" Id. (quoting Fed. R. Evid. 404(b)). For such evidence to be admissible under Rule 404(b), it "must be (1) relevant to an

---

[3] Mason first challenges the timeliness of the Government's notice regarding its intent to proffer this evidence. However, because Mason did not ask for a continuance based on the late notice, he will not be heard to complain of it now. Relatedly, Mason asserts that the late disclosure of this evidence violated Federal Rule of Criminal Procedure 16. However, the evidence at issue simply does not implicate Rule 16. See Fed. R. Crim. P. 16(a)(1)(A)-(G).

issue other than character; (2) necessary; and (3) reliable." Id. (internal quotation marks omitted). In addition, the evidence must be more probative than prejudicial. Id. (citing Fed. R. Evid. 403).

Assuming, as the district court did, that the challenged evidence constituted 404(b) material, there was no abuse of discretion in admitting it. Mason's basic defense was that he participated in this crime for no reason. Therefore, evidence of Mason's prior interactions with Clinkscale, which established Mason's knowledge of Clinkscale's role as a federal witness, was admissible because it was relevant and probative of an issue other than Mason's character.

For these reasons, we affirm Mason's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED