**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-6101**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MATTHEW QUINN MASON, a/k/a Q,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:08-cr-00030-JPB-JES-2; 3:11-cv-00060-
JPB-JES)

———————————

Submitted:  May 29, 2012            Decided:  June 5, 2012

———————————

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Matthew Quinn Mason, Appellant Pro Se.   John Castle Parr,
Michael D. Stein, Assistant United States Attorneys, Wheeling,
West Virginia, Erin K. Reisenweber, Assistant United States
Attorney, Martinsburg, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Quinn Mason seeks to appeal the district court's order adopting the magistrate judge's recommendation to deny his 28 U.S.C.A. § 2255 (West Supp. 2011) motion to vacate, set aside, or correct his federal sentence. For the reasons discussed below, we find that the district court's procedural conclusion is debatable and that Mason's motion states two debatable constitutional claims. Accordingly, we grant a certificate of appealability, vacate the district court's order, and remand this case for further proceedings.

I.

Following a jury trial, Mason was convicted of conspiracy to retaliate against a witness, retaliation against a witness, damaging the property of another in retaliation for testimony, and aiding and abetting the same, in violation of 18 U.S.C.A. § 1513(a)(1)(A), (b)(1), (f) (West Supp. 2012) and 18 U.S.C. § 2 (2006). Mason was sentenced to ninety-five months' imprisonment on each count, to be served concurrently. We affirmed Mason's convictions and sentence on appeal. See United States v. Mason, 374 F. App'x 411 (4th Cir. 2010).

Mason timely filed his § 2255 motion, raising a multitude of grounds for his claim of ineffective assistance of trial counsel and other issues. After receiving the

2

Government's response to the motion, Mason replied, supplying the facts and context necessary to frame his claims. The matter was referred to a magistrate judge, who recommended that the district court deny the motion in its entirety. The magistrate judge's report and recommendation advised Mason of his duty to file timely written objections and warned Mason that the failure to do so would result in a waiver of his right to appeal a judgment based on the recommendation.

Mason, however, did not object. The district court thus reviewed the report for clear error and found none. Accordingly, the district court denied the § 2255 motion for the reasons set forth in the magistrate judge's report.

Mason timely noted an appeal and requested a certificate of appealability. In this pleading, Mason asserted that he was in the special housing unit during the objections period, that "no paperwork was given to [him] during this period," and, therefore, he had "no opportunity to object" to the magistrate judge's report. (E.R. 718).[1] Mason asked the court for leave to file late objections. The district court denied a certificate of appealability without discussing Mason's

---

[1] Citations to the "E.R." refer to exhibits located in the compiled electronic record in this case.

proffered reason for his failure to object or his request for leave to file late objections.

In his informal brief in this court, Mason reiterates that he did not object to the magistrate judge's report because he was housed in administrative segregation and lacked access to his legal papers. Mason does not assign error to any aspect of the magistrate judge's report.

## II.

An appeal may not be taken to this court from the final order in a proceeding under 28 U.S.C.A. § 2255 unless a circuit justice or judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (2006). Where, as here, a district court denies a § 2255 motion on a procedural ground, a COA will not issue unless the movant demonstrates both that (1) any dispositive procedural rulings by the district court are debatable or wrong and (2) the original motion raises a debatable constitutional question. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Each component of the COA inquiry is mandatory, and a court may dispose of the application if it is clear from the record that a showing on either prong is lacking. Id. at 485. A showing that there was an error in denying the motion on a procedural ground is insufficient, absent a showing that the

4

underlying motion makes a substantial showing of the denial of a constitutional right.  Accord Owens v. Boyd, 235 F.3d 356, 358 (7th Cir. 2000); United States v. Martin, 226 F.3d 1042, 1046 (9th Cir. 2000).

It is well established that a litigant who fails to timely object to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations, 28 U.S.C.A. § 636(b)(1)(B) (West 2006 & Supp. 2011), and waives his right to appeal the district court's order based on that recommendation.  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997).  However, this is a prudential rule, not a jurisdictional requirement, United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984), and the Supreme Court permits the courts of appeals to exercise their discretion to permit appellate review, notwithstanding any waiver, where the "interests of justice" are served.  Thomas v. Arn, 474 U.S. 140, 155 (1985).

Here, the magistrate judge's report and recommendation advised Mason of his obligation to object, as well as of the consequences of a failure to do so.  The report was sent to Mason, via certified mail, at the proper correctional facility, and the facility received the report.  However, in his request for a COA from the district court, Mason advanced a facially

viable excuse for his failure to object.  This contention is unaddressed in the record.

Given the district court's silence in the face of Mason's proffered excuse for his failure to object, we are constrained to hold that the district court's resolution of this pivotal procedural issue is debatable.  Accordingly, we will proceed to the second prong of the COA inquiry — whether the underlying motion presents a debatable constitutional claim.

### III.

Mason's § 2255 motion raised multiple grounds for his claim that his trial attorney, Lary Garrett, provided constitutionally deficient representation, in violation of the Sixth Amendment.  To succeed on this claim, Mason bears the burden of showing that (1) counsel's performance was constitutionally deficient and (2) such deficient performance was prejudicial.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 691-92 (1984).  To satisfy the first <u>Strickland</u> prong, Mason must demonstrate that counsel's performance fell below an objective standard of "reasonableness under prevailing professional norms."  <u>Id.</u> at 688.  To satisfy the second <u>Strickland</u> prong, Mason must do more than establish that any unprofessional errors by counsel "had some conceivable effect on the outcome of the [trial.]"  <u>Id.</u> at 693.  Indeed, he must

6

demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

We conclude that two of the grounds for Mason's ineffective assistance of counsel claim have arguable merit. First is Mason's contention that Garrett failed to investigate evidence that would have impeached the Government's key witness, Darryl Clinkscale, the victim of the retaliatory conduct. At the heart of this issue is Clinkscale's testimony regarding three jailhouse interactions between himself and Mason, which was offered by the Government "to prove [Mason's] criminal intent and motive to participate in the conspiracy to retaliate against Mr. Clinkscale." (E.R. 147).

The magistrate judge recommended denying relief on this ground because Mason had not specified "what counsel could have obtained" had he more thoroughly investigated potential impeachment evidence. (E.R. 696). The record, however, belies this proposed conclusion. In his reply to the Government's response, Mason clearly asserted that, had Garrett investigated the matter, he would have discovered that Mason was not housed in the jail's general population at the time of the alleged jailhouse interactions between himself and Clinkscale. If true, this would have plainly impeached Clinkscale's testimony, which was critical to the Government's case. Based on the record

7

presently available and because of the crucial role Clinkscale's testimony played in satisfying the Government's burden of proof, we conclude that this is a debatable claim of the denial of a constitutional right. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack, 529 U.S. at 484-85.

Finally, we find debatable Mason's contention that Garrett failed to convey to him the Government's plea offer(s). In his proposed disposition of this ground, the magistrate judge framed Mason's claim as being that Garrett did not convey a day-of-trial plea offer, which Mason would have accepted. The magistrate judge recommended denying relief, though, based entirely on a letter from Garrett dated August 14, 2008. Mason's trial commenced on October 27, 2008.

It is impossible to evaluate whether the August 14 letter actually conveyed the then-available plea offer, as the Government contends, or whether it simply offered a generalized discussion of Mason's sentencing exposure, as Mason contends, because the letter is not part of the record. And while it is not entirely clear from the record, if indeed Mason contends that the Government made multiple plea offers that were not communicated to him,[2] particularly one on the day of trial, then

---

[2] We note that the Government did not definitively state whether there were multiple plea offers.

8

exclusive reliance on the August 14 letter would be insufficient to defeat this claim. These uncertainties, coupled with the Supreme Court's recent decision in <u>Missouri v. Frye</u>, 132 S. Ct. 1399, 1408 (2012), holding that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," and that counsel's failure to so communicate that offer amounted to constitutionally deficient performance, compel our conclusion that this too is a debatable claim of the denial of a constitutional right.

For these reasons, we grant a certificate of appealability, vacate the district court's order, and remand this case for further proceedings. On remand, the district court should address Mason's contention regarding his failure to object and make any factual findings necessary to resolve whether to allow Mason to file objections out of time. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>