**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-6471**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CECIL RAY, JR., a/k/a Esco,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:06-cr-00008-JPB-JSK-1; 3:10-cv-00057-JPB-JSK)

———————

Submitted: November 27, 2013     Decided: December 6, 2013

———————

Before WILKINSON, KING, and KEENAN, Circuit Judges.

———————

Vacated in part and remanded by unpublished per curiam opinion.

———————

Cecil Ray, Jr., Appellant Pro Se. Paul Thomas Camilletti, Thomas Oliver Mucklow, Assistant United States Attorneys, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil Ray, Jr., a federal prisoner, filed a 28 U.S.C.A. § 2255 (West Supp. 2013) motion contending, *inter alia,* that his counsel was ineffective in advising him to reject the Government's second plea offer in favor of proceeding to trial, and in advising him as to his sentence exposure if he proceeded to trial. Ray sought to appeal the district court's order denying relief on his motion and a subsequent order denying reconsideration. We granted Ray a certificate of appealability and received the Government's response on these two issues.[1] Because we conclude an evidentiary hearing was warranted, we vacate in part and remand with instructions to grant Ray an evidentiary on these two related claims.

Ray was charged with conspiracy to possess with intent to distribute, in excess of fifty grams of cocaine base (Count One), and aiding and abetting the distribution of 1.95 grams of cocaine base within 1000 feet of a school, (Count Eight). Although two plea agreements were offered, both containing a plea to Count Eight only and with a stipulation to significantly reduced total drug relevant conduct amounts, Ray rejected both offers and proceeded to trial. A jury convicted Ray on both

---

[1] We denied a certificate of appealability as to the remaining issues Ray raised in his § 2255 motion.

counts. After calculating a Guidelines range of 360 months to life imprisonment on Count One, the district court imposed a sentence of life imprisonment on Count One and a concurrent 40-year sentence on Count Eight. This Court affirmed on direct appeal. United States v. Ray, 317 F. App'x 346 (4th Cir. 2009).

In his § 2255 motion, Ray alleged, in pertinent part, that trial counsel was ineffective in failing to explain that if he rejected the Government's plea offer, his exposure would yield a range of 360 months to life. According to Ray, counsel had informed him that if he went to trial, ten years was the most that he could receive. In his motion to amend, Ray explained that his second trial attorney, Craig Manford opined that, given the Government's presentation of a second plea offer with reduced relevant conduct and lack of hard evidence outside of the potential testimony of cooperating witnesses, Ray could win at trial. Manford further counseled that the Government had no wire taps, little video or other surveillance.

Ray stated that Manford expressly advised him to reject the second agreement because the Government was "showing a lack of faith in their [sic] case by reducing the relevant conduct as to drug weight." Ray averred that had counsel properly advised him of the law rather than adopting a "don't worry be happy" trial strategy, he would have accepted the second plea offer. He further alleged counsel never advised Ray

3

that he had no viable defenses to the conspiracy charge. In fact, according to Ray, counsel misled him into believing the Government would not be able to convict him on Count One because he did not make the actual sale to the confidential informant, and that the Government would not be able to convict him on Count Eight under an aiding and abetting theory.[2]

To succeed on his ineffective assistance claim, Ray must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court addressed the standard for showing ineffective assistance during the plea bargaining stage in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012). In Lafler, the Court held that the Sixth Amendment right to counsel applies to the plea bargaining process and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have been accepted by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less

---

[2] Because there is no affidavit from counsel, it is unclear exactly what evidence counsel anticipated would be presented against Ray at trial. What is known is that Ray did not testify or call witnesses in his defense and, on appeal, this Court found sufficient evidence to sustain his convictions. Ray, 317 F. App'x at 349-50.

4

severe than under the judgment and sentence that in fact were imposed." 132 S. Ct. at 1385.

In Frye, the Supreme Court held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client. 132 S. Ct. at 1408. Under Frye, in order to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel. Id. at 1409. Additionally, a defendant must show that "if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." Id. at 1410.

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C.A. § 2255(b). An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment

5

claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue. United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000).

While the district court acknowledged that there was no objective evidence tending to disconfirm Ray's declarations, and that a hearing was typically warranted in such situations, it found a number of Ray's contentions "far-fetched." The district court ruled that, even if genuine issues of material fact existed from the lack of affidavit from trial counsel, Ray failed to show prejudice as a result of his attorney's representations.

We conclude that the district court abused its discretion in failing to conduct an evidentiary hearing on Ray's ineffective assistance of counsel claims relating to his rejection of the Government's second plea offer, specifically counsel's alleged advice to reject the Government's second plea offer and counsel's alleged failure to properly advise Ray of the consequences of rejecting the plea offer. As to prejudice, we conclude that Ray has made a colorable showing that, absent counsel's advice, he would have accepted a plea that would have been accepted by the court, and that "the conviction or sentence, or both, under the offer's terms would have been less

6

severe than under the judgment and sentence that in fact were imposed." Lafler, 132 S. Ct. at 1385.

In order to show deficient performance, Ray must show that counsel's representations fell below an objective standard of reasonableness. Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir.), cert. denied, ___ U.S. ___, 2013 WL 1808678 (Oct. 7, 2013) (No. 12-9952). "Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance in order to avoid the distorting effects of hindsight." Id. (internal quotation marks and citation omitted); see also Burt v. Titlow, ___ U.S. ___, 2013 WL 5904117 at *6 (Nov. 5, 2013) ("[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment' . . . and . . . the burden to 'show that counsel's performance was deficient' rests squarely on the defendant.") (citations omitted). "A failure to provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance." Magana v. Hofbauer, 263 F.3d 542, 550 (6th Cir. 2001); see also United States v. Gordon, 156 F.3d 376, 379-81 (2d Cir. 1998) (per curiam) (recognizing ineffective assistance claim where counsel's gross misadvice regarding potential sentencing

7

exposure caused defendant to reject plea offer); United States v. Day, 969 F.2d 39, 42-43 (3d Cir. 1992) (same).

The record as it stands is bare. By his own admission, Ray was aware that he was facing a maximum of life imprisonment. His claim however appears to be that, had his attorney explained the impact of the Guidelines and that his Guidelines range could be 360 months to life, he would have accepted the plea offer. Certainly, to the extent Ray argues that trial counsel failed to anticipate his enhancements at sentencing based on his leadership role and his intimidation of witnesses, the court properly found counsel could not reasonably have anticipated these enhancements when the bases for the enhancements were not discovered until trial. Other than Ray's own assertions in his affidavit and pleadings, however, there is no evidence as to what transpired during the plea negotiations between Ray and his counsel, what advice counsel gave Ray with respect to the Government's second plea offer, and on what basis. We therefore conclude the district court abused its discretion in failing to conduct an evidentiary hearing.

Accordingly, we vacate in part the district court's dismissal of Ray's 28 U.S.C.A. § 2255 motion. We remand with instructions to grant Ray an evidentiary hearing on his claim that counsel was ineffective in advising Ray to reject the Government's second plea offer and his related claim that

8

counsel failed to accurately advise him of the consequences of rejecting this offer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. We, of course, offer no view as to the merits of Ray's claim.

VACATED IN PART AND REMANDED

9