**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 15-7465**

—————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

CECIL RAY, JR., a/k/a Esco,

                Defendant - Appellant.

—————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, District Judge. (3:06-cr-00008-JPB-JES-1; 3:10-cv-00057-JPB-JES)

—————

Submitted: March 25, 2016         Decided: March 31, 2016

—————

Before WILKINSON, KING, and KEENAN, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Cecil Ray, Jr., Appellant Pro Se. Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cecil Ray, Jr., filed a 28 U.S.C. § 2255 (2012) motion contending, in relevant part, that his attorneys were constitutionally ineffective in advising him to reject the Government's second plea offer in favor of proceeding to trial, and in advising him as to his sentence exposure if he proceeded to trial. We granted a certificate of appealability on these claims and remanded his case to the district court for an evidentiary hearing. See United States v. Ray, 547 F. App'x 343 (4th Cir. 2013) (No. 13-6471). On remand, after the magistrate judge held an evidentiary hearing, the district court found that counsel was not ineffective in advising Ray regarding the Government's second plea offer or Ray's sentencing exposure. Ray appeals for a second time.

To succeed on his ineffective assistance claim, Ray must show that: (1) counsel's failures fell below an objective standard of reasonableness, and (2) counsel's deficient performance was prejudicial. In Lafler v. Cooper, 132 S. Ct. 1376, 1384-85 (2012), the Supreme Court held that the Sixth Amendment right to counsel applies to the plea bargaining process, and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. In Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012), the Supreme Court held that

a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client. We review the district court's conclusions of law de novo and its findings of fact for clear error. United States v. Nicholson, 611 F.3d 191, 205 (4th Cir. 2010).

After reviewing the record and the transcript of the evidentiary hearing, we find no reversible error in the district court's denial of relief. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED